In the Matter of Richard Lee
BLOOMER, Debtor.

Richard Lee BLOOMER,
Debtor-Plaintiff,

v.

James and Mary BUSTRAAN,
Creditor-Defendant.

Bankruptcy No. HK 82 00678.

United States Bankruptcy Court,
W.D. Michigan.

July 18, 1983.

**26**

R. Benjamin Brown, Grand Rapids, Mich., for debtor-plaintiff.

John Boyko, Jr., Grand Rapids, Mich., for creditor-defendant.

## OPINION

### OBJECTION TO CLAIM—RES JUDICATA—DEFAULT JUDGMENT

LAURENCE E. HOWARD, Bankruptcy Judge.

This matter is before the court on the debtor's objection to a claim filed by James and Mary Bustraan. The Bustraans' claim for $5,232.34 is based on a default judgment obtained in Kent County Circuit Court. The debtor, Richard Lee Bloomer, objects to the claim on the basis that he is not liable, and that the amount of the judgment is incorrect. The Bustraans have filed a Motion to Dismiss the objection. It is their contention that the doctrine of res judicata bars the debtor from collaterally attacking the state court judgment.

The Bustraans purchased a 1978 Oldsmobile from Bloomer for $4,922.50. They purchased the vehicle with the assurance that there were 33,000 miles on it. Subsequently, it was discovered that the vehicle had over 70,000 miles on it. Suit was commenced in state circuit court against the debtor and another individual. Default judgment was entered on December 11, 1981. The judgment provided the contract be rescinded. Specifically, the Bustraans were to tender the automobile to Bloomer in return for $5050. If the debtor failed to pay, he would be liable for the full amount of the tender price. The Bustraans were given the opportunity to pursue this sum as judgment creditors. However, if they recovered the full amount of the money judgment, they were required to return the auto to the debtor. Nothing has been recovered on this judgment, and the Bustraans have filed their claim for $5,232.34.

■ Under the doctrine of res judicata, parties or their privies are barred from pressing other claims or defenses in the same cause of action where there is a final judgment on the merits. Res judicata forecloses all that might have been raised in the earlier action, regardless of whether those matters were asserted or determined. *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). The rationale behind this doctrine is that courts should be able to conclusively resolve all disputes that arise within their jurisdiction.

■ Further, prohibiting the parties:

... from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.

*Montana v. United States,* 440 U.S. 147, 153–154, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979). I find no reason why res judicata should not apply in Chapter 13 cases.

■ The fact that the judgment here is by default does not preclude the applicability of res judicata. *Riehle v. Margolies,* 279 U.S. 218, 225, 49 S.Ct. 310, 313, 73 L.Ed. 669 (1929); *In re Johnson,* 13 B.R. 342, 346 (Bkrtcy.D.Minn.1981); *In re Bystrek,* 17 B.R. 894, 896 (Bkrtcy.E.D.Pa.1982); *In re K & H Enterprises, Ltd.,* 21 B.R. 163, 165 (Bkrtcy.D.Haw.1982). As the court in *Bystrek* pointed out:

The key factors are that there be notice and an opportunity to be heard. If these elements are present, the *res judicata* effect of a default judgment cannot be attacked. *Somportex [v. Phila. Chewing Gum Corp.,* 453 F.2d 435 (3rd Cir.1971)], supra.

*Supra* at 896. Here there have been no allegations that the debtor was denied notice or the opportunity to be heard in the state court.

■ The only restrictions on res judicata are that a party may collaterally attack a judgment to show it was obtained by fraud or collusion of the parties. *Riehle, supra; In re KDI Corp.,* 14 B.R. 350 (Bkrtcy.S.D. Ohio 1981). The debtor, here, does not contend that there was any fraud or collusion

in obtaining the judgment. His arguments are that he should not be liable, and that the amount of the judgment is incorrect. However, these are defenses that could have been raised, and should have been raised in the state court proceedings. To require the creditor to prove his case in the state court and then again in the bankruptcy court, when there are no allegations of fraud or collusion, no claims of denial of due process, and no questions as to the state court's jurisdiction would be to ignore the doctrine of res judicata. Accordingly, I find the debtor here, is barred by res judicata from attacking the state court judgment. The Bustraans' Motion to Dismiss is granted, and their claim is allowed as filed.