**Bruce B. SCHWAGER, Bette Schwager, B.B.M.M., Ltd., and B.M. Bayou Corporation, Appellants,**

v.

**TEXAS COMMERCE BANK, N.A., Charles Best, Fred Fallas, Meyer Fallas, Malcolm Marcoe, Harvey Resnick, and William Cramer, Appellees.**

No. 01–90–00270–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1992.

Rehearing Denied April 30, 1992.

Ransom T. Cornish, Houston, for appellants.

Joseph D. Cheavens, Neil S. Levin, Houston, for appellees.

Before COHEN, SAM BASS and WILSON, JJ.

OPINION

COHEN, Justice.

This is an appeal from a judgment based on a jury verdict. We affirm.

On December 8, 1989, the trial court signed a judgment in favor of Texas Commerce Bank (TCB) on its note claim against appellants, Bruce Schwager (Schwager) and B.B.M.M., Ltd., and appellees, Fred Fallas, Meyer Fallas, Malcolm Marcoe, Harvey Resnick, and William Cramer (the limited partners), and on its conversion claim against Schwager. The judgment also awarded the limited partners damages on their cross-claims against Schwager for breach of contract and breach of fiduciary duty. The trial court's judgment ordered

that Schwager, B.B.M.M., Ltd., and the other appellants, Bette Schwager and B.M. Bayou Corporation (B.M. Bayou),[1] take nothing on their counterclaims against TCB and on their cross-claims against the limited partners.

Facts

In January 1984, Schwager and the limited partners formed a limited partnership, B.B.M.M., Ltd. (the partnership), to buy land in downtown Houston to operate a restaurant. Schwager agreed to be the general partner, to manage the restaurant, and to account to the limited partners. The limited partners agreed to pay the partnership debts secured by partnership property. They expected the restaurant's income to cover the partnership debts.

The partnership financed the purchase with a loan from Interfirst Bank (Interfirst loan), which was secured by a lien on the property, an assignment of rentals, and the assignment of a note (the Jow note) payable to Schwager. The partnership leased the property to B.M. Bayou to operate the restaurant. Schwager was the sole director, president, and a 50% stockholder of B.M. Bayou, and the limited partners owned the rest of B.M. Bayou's stock.

The restaurant operated at a loss, and the limited partners had to pay the Interfirst loan. The relationship between Schwager and the limited partners began to sour.

In September 1984, TCB loaned the partnership $825,000. Schwager and the limited partners signed the note and personally guaranteed the loan. The limited partners pledged additional collateral for this loan, and Schwager pledged the Jow note. The TCB loan was also secured by a lien on the property. TCB believed the restaurant's income would cover its note. Approximately $700,000 was used to extinguish the Interfirst loan, and $125,000 was used for new working capital.

By March 1985, the working capital was exhausted and the restaurant continued to lose money. The limited partners had to make the payments to TCB to avoid a default, and their relationship with Schwager continued to deteriorate. Finally, the limited partners stopped making payments on the TCB loan.

In February 1986, Schwager, on behalf of the partnership, sued (the 1986 suit) the limited partners, alleging they breached the partnership agreement by failing to make capital contributions to cover the restaurant's debts. The limited partners counterclaimed, alleging misconduct by Schwager in operating the restaurant, and sought damages for breach of fiduciary duty, return of capital contributions, dissolution, and an accounting.

The 1986 suit was tried without a jury on July 14, 1986, and the trial court signed a judgment on October 14, 1986. This judgment denied the limited partners' request for dissolution, but appointed a receiver to sell the partnership property. The 1986 judgment also ordered Schwager to refrain from selling the limited partners' partnership interests so long as they made capital contributions as agreed in the partnership agreement. The 1986 judgment also provided that the trial court would consider requests from any parties to make agreements with third parties that would eliminate the need for a receivership and the sale of the property. The judgment did not adjudicate the limited partners' claims alleging breach of fiduciary duty by Schwager and requesting return of their capital contributions.

In late 1986, some of the limited partners approached TCB, seeking to refinance the loan. The limited partners and TCB agreed to do so, but Schwager refused. In January 1987, the limited partners again stopped paying the TCB loan. In March 1987, the limited partners approached TCB with a new refinancing proposal, but TCB rejected it. TCB subsequently accelerated the loan, but received no payments.

Trial Court Proceedings

In 1987, TCB sued (the 1987 suit) Schwager, the partnership, and the limited

1. Except where otherwise indicated, the appellants will be collectively referred to as Schwager.

partners on the note, and sued Schwager for conversion of rentals. Schwager, individually and on behalf of the partnership, his wife, Bette Schwager, and B.M. Bayou, filed counterclaims against TCB and cross-claims against the limited partners, alleging various theories of recovery.

The 1987 suit went to a jury trial in November 1989. The trial judge directed a verdict for TCB as plaintiff on its note claim and for TCB as defendant on Schwager's claims for wrongful acceleration and breach of contract. The trial judge submitted no jury questions on any claims by Bette Schwager and B.M. Bayou.

The jury found against Schwager and the partnership on their claims against the limited partners for breach of the partnership agreement, breach of fiduciary duty, and tortious interference with contract, and against Schwager and the partnership on their claims against TCB for tortious interference with contract. The jury found for TCB on its conversion claim against Schwager, and awarded TCB compensatory damages. The jury also found that after August 11, 1986, Schwager breached both the partnership agreement and his fiduciary duty to the limited partners, and awarded them compensatory damages. The jury found that Schwager's breach of fiduciary duty was "committed intentionally, maliciously, or with heedless and reckless disregard of the rights" of the limited partners, and awarded them punitive damages. The jury found that Schwager fraudulently induced the limited partners to enter the partnership agreement. On December 8, 1989, the trial judge signed a judgment (the 1989 judgment), based on the jury findings and the directed verdicts. This judgment is the subject of this appeal.

Preliminary Procedural Matters on Appeal

The appellate record consists of 10 volumes of transcript totalling approximately 2,200 pages, 34 volumes of statement of facts totalling approximately 4,500 pages, and 14 volumes of exhibits totalling hundreds of exhibits.

On January 28, 1991, Schwager filed a 99-page brief and a motion to file a brief in excess of 50 pages. On February 14, 1991, we denied the motion and ordered Schwager to file a 50-page brief. Tex.R.App.P. 74(h). On March 14, 1991, we allowed Schwager to file a 60-page brief. On May 16, 1991, we struck Schwager's second brief due to inadequate citations to the record, and ordered him to rebrief. On June 17, 1991, Schwager filed his third brief, containing 44 points of error. On July 12, 1991, one of the appellees moved to strike Schwager's third brief due, among other things, to inadequate citations to the record. We denied this motion on August 8, 1991.

On February 24, 1992, we struck 42 of Schwager's 44 points of error because they did not meet the requirements of Tex. R.App.P. 74. *See Inpetco v. Texas American Bank,* 729 S.W.2d 300 (Tex.1987); *Henry S. Miller Management Corp. v. Houston State Associates,* 792 S.W.2d 128, 133–35 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (op. on reh'g); *see generally* Gunn, *Unsupported Points of Error on Appeal,* 32 So.Tex.L.Rev. 105 (1990). We held that only points of error one and four were properly briefed.

Schwager has repeatedly moved to dismiss the appeal. These motions were taken with the case because they are also the subject of Schwager's first point of error. We will discuss the motions and the first point of error together.

Points of Error

Schwager's first point of error and his motions assert the trial court's 1989 judgment was granted without jurisdiction, and is, therefore, void.

The trial judge consolidated the 1986 and the 1987 suits under the cause number of the 1987 suit. Tex.R.Civ.P. 174(a). As stated, the 1986 judgment appointed a receiver to sell the partnership property. The 1989 judgment dissolved that receivership and awarded damages to TCB and to the limited partners. Schwager contends the 1989 judgment is void for lack of jurisdiction because it modified the 1986 judgment after it was final.

■ An order appointing a receiver is interlocutory. *See* Tex.Civ.Prac. & Rem.

CODE ANN. § 51.014(1) (Vernon Supp.1992). Therefore, the trial court had jurisdiction in the consolidated suit to dissolve the receivership. Otherwise, the receivership would be perpetual. Dissolving the receivership was not an improper modification of a final order. The 1986 judgment is not labeled a "final judgment," and it did not deny all relief not expressly granted. We hold the 1986 judgment was not final. It was "intrinsically interlocutory." *North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex.1966).

In addition, that part of the 1989 judgment awarding the limited partners damages against Schwager was based on Schwager's conduct occurring after the trial in the 1986 suit. That trial was held on July 14, 1986. In the 1987 suit, the jury found that Schwager breached his fiduciary duty to the limited partners, as well as the partnership agreement, after August 11, 1986. The 1986 judgment did not adjudicate any of the various claims for damages. TCB was not a party in the 1986 suit. Therefore, the 1989 judgment did not "modify" the 1986 judgment. The 1989 judgment is not void for lack of jurisdiction.

Schwager's first point of error is overruled, and his motions to reverse the trial court's judgment and dismiss the appeal are denied.

The fourth point of error asserts the trial court erroneously denied Schwager the right to open and close the evidence.

The trial court denied the Schwager parties' motion to realign the parties and designate them as plaintiffs. They argue they should have been designated "plaintiffs" in the 1987 suit, because they were plaintiffs in the 1986 suit, and the trial court erred in consolidating the two suits under the 1987 suit's cause number. They contend the trial court should have consolidated the suits under the cause number of the 1986 suit, in which they were plaintiffs.

The Schwager parties do not contend they objected to the consolidation, nor do they cite to the record where they objected to the consolidation. Nothing is presented for review regarding any error in the consolidation. *See* TEX.R.APP.P. 52(a), 74(f); *State Farm Mut. Automobile Ins. Co. v. Cowley*, 468 S.W.2d 353, 354 (Tex.1971). Therefore, they have waived any error caused by an improper consolidation.

Moreover, TCB was a plaintiff in the 1987 suit. Its note claim and its conversion of rentals claim were tried before the jury. We find no error. *See* TEX.R.CIV.P. 266.

Schwager's fourth point of error is overruled.

The judgment is affirmed.