**In the Matter of Adrian Bonilla MONTALVO, Debtor.**

**Adrian Bonilla MONTALVO, Plaintiff–Appellant,**

**v.**

**BANCO COMERCIAL DE MAYAGUEZ; Neftali Rosa; Eugenio Rivera; Dagoberto Montalvo Ignacio; Neca Mortgage Corp.; Eddie Acaron, and Frank Ramirez Ramirez, Defendants–Appellees.**

Civ. No. 92–2333 (JAF).
Bankruptcy No. 87–00304 (SEK).
Adv. No. 89–0029.

United States District Court,
D. Puerto Rico.

July 8, 1993.

**512**

Adrian Bonilla Montalvo, debtor pro-se.

María Mercedes Figueroa y Morgade, Montañez & Alicea, San Juan, P.R., for BBV.

Luis Roberto–Santos, Santos & Baez, Mayaguez, P.R., for Rosa & Ramírez.

Gilberto Mayo–Pagán, Mayo & Mayo, San Juan, P.R., for Neca Mortg.

## OPINION AND ORDER

FUSTE, District Judge.

More than ten years ago, the Superior Court of Puerto Rico, Mayaguez Part, entered a judgment against debtor-appellant Adrián Bonilla Montalvo, for $24,996, in case CS 81–1138. The particular debt at issue arose from a loan provided to plaintiff by creditor Banco Comercial de Mayaguez, now named Banco Bilbao Vizcaya Puerto Rico ("BBV"). Debtor exhausted his appellate options. The Supreme Court of Puerto Rico entered judgment against debtor by affirming the lower court's decision. In 1987, debtor filed a bankruptcy petition under Chapter 11 in the United States Bankruptcy Court for the District of Puerto Rico. In the bankruptcy court, debtor unsuccessfully argued that creditors' claim was invalid. Plaintiff now comes to this district court and appeals the bankruptcy court's decision dismissing with prejudice debtor's objection to BBV's proof of claim. Appellate jurisdiction is based on 28 U.S.C. § 158(a) and Part VIII of the Bankruptcy Rules, namely Rules 8001 and 8010.

Debtor's basic argument is that the $24,-996 award should be set aside by the bankruptcy court and that his petition should not be dismissed, since the original local court decision was tainted by fraud. According to creditors, debtor previously filed suit in local court in case CS 84–552, alleging that the original judgment was obtained through fraud. Creditors also allege that the fraud suit was dismissed by the Superior Court, and the Supreme Court of Puerto Rico affirmed the dismissal. No state court documents on the issue of fraud have been submitted for examination as part of the record on appeal.

We find, as a matter of law, that in the bankruptcy context, a limited exception to the application of *res judicata* exists where a claim is created in a prior case tainted by fraud. Normally, such a prior decision would trump subsequent suits regarding the same claim, but not in a case where fraud was involved. However, the fraud exception to the application of *res judicata* itself contains a limitation when the claim of fraud has already been litigated in a prior action.

Our ability to dispose of this case is unfortunately hindered because the parties have not addressed whether or not the fraud claim had been previously litigated in the local courts as creditors contend. We are forced to **remand** the case to the bankruptcy court with instruction to request the parties to furnish the local decisions allegedly documenting debtor's previous litigation of fraud as it pertains to this case. If fraud has been previously argued, a dismissal with prejudice would be in order on *res judicata* grounds. If fraud has not been previously litigated, the bankruptcy court must schedule a hearing on the fraud issue and proceed to decide the case according to relevant law.

### I.

### *Res Judicata, Full Faith and Credit, and the Fraud Exception*

The fundamental doctrine of *res judicata* rests at the core of our judicial system.[1] The doctrine prohibits a claim

---

1. *Res judicata* is a "general and well-established doctrine ... conceived in the light of the maxim that the interest of the state requires that there be an end to litigation—a maxim which com-

from being litigated repetitiously outside of the normal appeals process, and the goals of finality and certainty are furthered by the application of the doctrine. And standing alongside the fundamental doctrine of *res judicata* is the constitutional mandate that all courts in the United States must give full faith and credit to the decisions of other courts, be they territorial, state, federal, or special tribunals. U.S. Const. art. IV, § 1.[2] Again, the full faith and credit principle furthers the goals of certainty, finality, and comity in legal dealings within our nation.

█ There is, however, an exception to the application of *res judicata* which is relevant to this case in which there is an alleged fraud underlying the original state court proceeding. It has long been recognized that a judgment attained with the aid of fraud does not deserve the deference normally given a case by other courts. In fact, a party may collaterally attack a previous judgment by proving that the previous decision arose from fraud. In a relatively recent bankruptcy case, the creditor contended "that the doctrine of *res judicata* bars the debtor from collaterally attacking the state court judgment[,] ...," but the bankruptcy court concluded that "[t]he only restrictions on *res judicata* are [just] that[:] a party may collaterally attack a judgment to show it was obtained by fraud or collusion of the parties...." *In re Bloomer*, 32 B.R. 25, 26 (Bankr.W.D.Mich. 1983). The Supreme Court explored this interesting *res judicata* question in a bankruptcy context and concluded that a state court decision obtained through fraud does not have a preclusive effect, and the bankruptcy court has the ability—if not the duty—to examine evidence of fraud brought to its attention:

Undoubtedly, since the Bankruptcy Act authorizes a proof of a claim based on a judgment, such a proof may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by *fraud* of a party.

*Heiser v. Woodruff*, 327 U.S. 726, 736, 66 S.Ct. 853, 858, 90 L.Ed. 970 (1946) (emphasis added).[3] *Cf. United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660 (1st Cir.1990); *see also In re Giorgio*, 81 B.R. 766, 774 (D.R.I.1988); *In re KDI Corp.*, 14 B.R. 350, 353 (Bankr.S.D.Ohio 1981).

█ Federal courts have also held that the existence of previous state proceedings in which fraud was pled precludes a subsequent, collateral attack of the original decision that was allegedly based on fraud. In other words, if the fraud at issue was the subject of litigation in a previous suit, such a suit itself has a preclusive or *res judicata* effect. The Supreme Court stated this principle very clearly: "Nor can a[ ] [collateral] attack be sustained on a judgment allegedly procured by fraudulent representations of the plaintiff, *when the charge of fraud has been rejected in previous litigations* by the parties to the suit in which the judgment was rendered, or their representatives." *Heiser*, 327 U.S. at 736–37, 66 S.Ct. at 858 (emphasis added); *see also In re KDI Corp.*, 14 B.R. at 353; *see generally* Robert von Moschzisker, 'Res Judicata,' 38 Yale L.J. 299 (1928).

█ A panel of the First Circuit, speaking through Judge Breyer, has refined the fraud exception in a manner relevant to the disposition of the appeal at issue, particularly the interplay between

ports with common sense as well as public policy." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981) (quoting *Reed v. Allen*, 286 U.S. 191, 198–99, 52 S.Ct. 532, 533, 76 L.Ed. 1054 (1932)).

**2.** "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." *Id.*

**3.** The vitality of this Supreme Court case is evidenced by the fact that it is often cited and quoted by contemporary courts. *See, e.g., Johnson v. SCA Disposal Services, Inc.*, 931 F.2d 970, 977 (1st Cir.1991).

federal and state judicial determinations. A state court judgment cannot be set aside by a federal bankruptcy court if under state legislative or case law, the state judgment suffers no infirmity. "[I]n respect to a state court judgment, [it] is itself a matter of state law, 28 U.S.C. § 1738.... [T]here can be no life to a state law claim, when a state court in a related prior proceeding (as here) authoritatively says that none exists." *In re Giorgio*, 862 F.2d 933, 936 (1st Cir.1988) (citations omitted). Therefore, all determinations of fraud and its corresponding consequences made by the federal bankruptcy court must be decided under state law. If a state court has already pronounced judgment on the fraud claim, a federal tribunal is precluded from straying from that state decision. Otherwise, federal courts would move dangerously close to becoming appeals courts for final state judgments, destroying the stable but delicate balance of judicial powers that lies at the heart of our "federal" system.

We understand, therefore, that the bankruptcy court is indeed empowered to soften temporarily the rigid application of the *res judicata* doctrine in limited circumstances. If a *previously unlitigated allegation of fraud* that, if true, would erode the foundation of the state court judgment at issue *according to state law*, the bankruptcy court should allow a full presentation of evidence on the fraud point, thereby setting aside momentarily the claim preclusion of the doctrine of *res judicata*. If the federal bankruptcy court then finds that under state law standards fraud was in fact committed in attaining the state court judgment, the federal bankruptcy court may disregard the previous state judgment.

## II.

### *Application to Plaintiff's Appeal of the Bankruptcy Court's Dismissal*

We do not reach many of the substantive arguments raised by debtor in his brief. As creditors indicate, a threshold issue must first be resolved: Can a federal bankruptcy court or a federal district court even consider a collateral attack of a state money judgment? The answer to this question is of nearly jurisdictional importance. We have sketched the applicable law regarding *res judicata* and the exceptions to claim preclusion so that the bankruptcy court may determine the validity of the superior court money judgment as it applies to this case.

We now **REMAND** this case for further consideration by the bankruptcy court consistent with this opinion.

**IT IS SO ORDERED.**