In re Bruce Barton SCHWAGER, Debtor.

Meyer FALLAS, Fred Fallas, William Cramer, and Malcolm Marcoe, Plaintiffs.

v.

Bruce Barton SCHWAGER, Defendant.

Bankruptcy No. 93–48723–H5–7.
Adv. No. 94–4169.

United States Bankruptcy Court, S.D. Texas, Houston Division.

Feb. 15, 1995.

James H. Kepner, Jr., James H. Kepner, Sr., Houston, TX, for plaintiffs.

Bruce Barton Schwager, pro se.

### ORDER REGARDING SUMMARY JUDGMENT

KAREN KENNEDY BROWN,
Bankruptcy Judge.

Before the Court are cross-motions for summary judgment filed by plaintiffs Meyer Fallas, Fred Fallas, William Cramer, and Malcolm Marcoe, and by defendant and debtor, Bruce Barton Schwager. The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(I). This is a core proceeding. After reviewing the law and record, this Court concludes that summary judgment is **GRANTED** for plaintiffs and **DENIED** for debtor.

#### Facts

In January 1984, Schwager, as general partner, and plaintiffs, as limited partners, formed an entity named B.B.M.M., Ltd., a Texas limited partnership. Litigation arose between the partners in 1986 in cause no. 86–07376 in the 125th Judicial District Court of Harris County, Texas, resulting in an appointment of a receiver for the real property owned by the partnership. Thereafter, litigation was instituted by the lender on the real property in cause no. 87–14551 in the 125th Judicial District Court, Harris County, Texas. The two cases were consolidated and after trial by jury, judgment was rendered in favor of plaintiffs against debtor. The judgment incorporates the jury verdict which found:

(1) Bruce Schwager breached his fiduciary duty to Meyer Fallas, Fred Fallas, William Cramer, Malcolm Marcoe and Harvey Resnick in the performance of his responsibilities between August 11, 1986, and the present time [November 3, 1989] which proximately caused damages to the named individuals;

(2) Bruce Schwager materially breached the limited partnership agreement after August 11, 1986, proximately causing damages to Meyer Fallas, Fred Fallas, William Cramer, Malcolm Marcoe, and Harvey Resnick;

(3) the sum of money, if paid now in cash, which would fairly and reasonably compensate Meyer Fallas, Fred Fallas, William Cramer, Malcolm Marcoe, and Harvey Res-

nick for damages sustained as a result of breach of fiduciary duty or the material breach of the partnership agreement is $94,000.00 for Meyer Fallas, $47,000.00 for Fred Fallas, $94,000.00 for William Cramer, $94,000.00 for Malcolm Marcoe, and $47,000.00 for Harvey Resnick;

(4) Bruce Schwager's breach of fiduciary duty was committed intentionally, maliciously or with heedless and reckless disregard of the rights of the limited partners;

(5) the sum of money, if now paid in cash, which should be awarded to the limited partners as exemplary damages against Bruce Schwager is $188,000.00 for Meyer Fallas, $94,000.00 for Fred Fallas, $188,000.00 for William Cramer, $188,000.00 for Malcolm Marcoe, and $94,000.00 for Harvey Resnick; and

(6) Bruce Schwager fraudulently induced Meyer Fallas, Fred Fallas, William Cramer, Malcolm Marcoe and Harvey Resnick to enter the partnership agreement or the subscription agreement.

Based on the jury issues, the judgment provides:

3. Meyer Fallas recover from Bruce Schwager the sum of $94,000.00 as actual damages arising from his breach of fiduciary duties and breach of contract; in addition to such amount, Meyer Fallas recover from Bruce Schwager the sum of $188,000.00 as exemplary damages; in addition to such amount, Meyer Fallas recover from Bruce Schwager the sum of $40,000.00 as reasonable and necessary attorneys fees; and

4. Fred Fallas recover from Bruce Schwager the sum of $47,000.00 as actual damages arising from his breach of fiduciary duties and breach of contract; in addition to such amount, Fred Fallas recover from Bruce Schwager the sum of $94,000.00 as exemplary damages; in addition to such amount, Fred Fallas recover from Bruce Schwager the sum of $40,000.00 as reasonable and necessary fees; and

5. Malcolm Marcoe recover from Bruce Schwager the sum of $94,000.00 as actual damages arising from his breach of fiduciary duties and breach of contract; in addition to such amount, Malcolm Marcoe recover from Bruce Schwager the sum of $188,000.00 as exemplary damages; in addition to such amount, Malcolm Marcoe recover from Bruce Schwager the sum of $30,000.00 as reasonable and necessary attorneys fees; and

6. William Cramer recover from Bruce Schwager the sum of $94,000.00 as actual damages arising from his breach of fiduciary duties and breach of contract; in addition to such amount, William Cramer recover from Bruce Schwager the sum of $188,000.00 as exemplary damages; in addition to such amount, William Cramer recover from Bruce Schwager the sum of $40,000.00 as reasonable and necessary attorneys fees; and

7. Harvey Resnick recover from Bruce Schwager the sum of $47,000.00 as actual damages arising from his breach of fiduciary duties and breach of contract; in addition to such amount, Harvey Resnick recover from Bruce Schwager the sum of $94,000.00 as exemplary damages; in addition to such amount, Harvey Resnick recover from Bruce Schwager the sum of $42,000.00 as reasonable and necessary attorneys fees; and ...

At issue is whether the state court judgment against debtor in favor of plaintiffs is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) or 523(a)(6).

### I. Collateral Estoppel

■ A party seeking to invoke the doctrine of collateral estoppel must establish that: (1) the facts to be litigated in the second action were fully and fairly litigated in the first action; (2) these facts were essential to the judgment in the first action; and (3) the parties who litigated the issue were cast as adversaries. *Daniels v. Equitable Life Assurance Soc'y of the United States,* 35 F.3d 210 (5th Cir.1994).

Debtor urges that plaintiff failed to provide a sufficient record to reveal the control-

ling facts and issues litigated in the prior action. To the contrary, the judgment provided to this Court contains the jury issues submitted and the findings which are sufficiently detailed for this Court to determine this matter under the principles of issue preclusion. *See Sheerin v. Davis (In re Davis),* 3 F.3d 113 (5th Cir.1993). There is no dispute that the jury findings were made under the preponderance of the evidence standard applicable to dischargeability complaints. *See Grogan v. Garner, Jr.,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ Debtor urges that the matters raised herein have not been fully and fairly litigated because the issues were not fully and fairly represented at trial, and debtor's issues of fraud, conspiracy, wrongful acceleration, forgery, and others were never submitted to the jury. Debtor complains that he and his attorney were illegally held in contempt of court preventing debtor from having adequate representation during the trial. Further, debtor complains that the two state court cases were improperly consolidated and the matters presented in the 1986 case were improperly relitigated in the consolidated case. Moreover, debtor complains that the plaintiffs' judgment and the state court proceedings were tainted with fraud.

■ An exception exists to the application of res judicata where the original judgment was obtained through the use of fraud. *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946); *see also Montalvo v. Banco Comercial de Mayaguez (In re Montalvo),* 157 B.R. 510 (D.P.R.1993). However, if the fraud at issue was the subject of litigation in a previous suit, such a suit itself has preclusive or res judicata effect. *Heiser,* 327 U.S. at 736, 66 S.Ct. at 857–58. Moreover, a judgment is res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the case. *Id.* at 735, 66 S.Ct. at 857.

A review of the record provided by debtor reveals that the allegations raised by debtor supporting his claim that the prior proceedings were tainted by fraud were themselves litigated at both the trial and appellate level. Furthermore, to the extent that any allega-

tions were not fully raised, debtor had opportunity to raise them to the Supreme Court of Texas and the Supreme Court of the United States. A review of the portions of the record submitted by debtor as well as the subsequent history of the reported opinions of debtor's prior litigation reveals that debtor's allegations concerning fraud on the court as well as debtor's other enumerated challenges to the state judgment were previously considered and rejected by the state courts. *See e.g. Schwager v. Texas Commercial Bank, N.A.,* 827 S.W.2d 504 (Tex.App.—Houston [1st Dist.] 1992, writ denied), *cert. denied,* —— U.S. ——, 113 S.Ct. 1844, 123 L.Ed.2d 469 (1993) and *Schwager v. Texas Commercial Bank,* 813 S.W.2d 225 (Tex. App.—Houston [1st Dist.] 1991, no writ). By attempting to relitigate the facts adduced at the trial level and the evidentiary rulings made by the trial court the debtor seeks to place this Court in the position of an appellate court for purposes of rectifying perceived errors at the trial level. This Court has reviewed the record submitted by debtor including the undated and unverified portions of transcribed questions and answers by unidentified persons which debtor submits as evidence of the trial judge's knowing participation in perjury and fraud. The Court concludes that debtor's allegations of fraud in obtaining the judgment are precluded by res judicata and collateral estoppel and that the state court judgment is a valid judgment for purposes of invoking collateral estoppel and for determining whether it satisfies the elements of 11 U.S.C. § 523. The Court finds that all issues were fully and fairly litigated between Schwager and the plaintiffs, the issues were essential to the judgment rendered, and the parties were adversaries.

## II. Exceptions to Discharge

Bankruptcy Code section 523(a) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny ...

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

 Under section 523(a)(2)(A), the misrepresentations must have been: (1) knowing and fraudulent falsehoods, (2) describing past or current facts, (3) that were relied upon by the other party. *In re Allison,* 960 F.2d 481 (5th Cir.1992). The jury instruction in connection with the fraud finding provides:

### Fraudulent Inducement

"Fraudulent inducement" means to induce a party to enter an agreement by means of fraud. "Fraud" is defined as a material representation that was false; that when made the speaker knew it was false or made it recklessly without any knowledge of the truth as a positive assertion; that the speaker made it with the intention that it should be ·acted upon, inducing others to enter into a transaction; that such other parties acted in reliance upon it; and thereby suffered injuries or damages. You are further instructed that a fraud may also occur when a person intentionally concealed a material fact or facts which he knows, that the matter is material or important to another in deciding whether to enter into the transaction.

Jury instruction on Fraudulent Inducement, question no. 21, Modified Final Judgment.

The Court finds that the fraud found by the jury satisfies the elements of 11 U.S.C. § 523(a)(2)(A). Nevertheless, no damages were awarded by the jury as a result of debtor's fraudulent conduct.

 As to 11 U.S.C. § 523(a)(4), the Fifth Circuit holds that the relationship between the managing partner and the limited partners of a limited partnership is a fiduciary relationship covered by this section. *LSP Investment Partnership v. Bennett (In re Bennett),* 989 F.2d 779 (5th Cir.1993),

*amended on reh'g,* 1993 WL 268299, 1993 U.S.App. Lexis 19366 (5th Cir.1993), *and cert. denied,* —— U.S. ——, 114 S.Ct. 601, 126 L.Ed.2d 566 (1993). Since the relationship described in *Bennett* is even more attenuated than the relationship in the case at bar, the Court finds that the relationship of Schwager to the limited partners constituted a fiduciary relationship for purposes of 11 U.S.C. § 523(a)(4).

 "A defalcation is a willful neglect of duty, even if not accompanied by fraud or embezzlement." *Bennett,* 989 F.2d at 790. The jury found Schwager breached his fiduciary duty, and that this breach was· committed intentionally, maliciously, or with heedless and reckless disregard of the rights of the limited partner. (Question No. 16 and Question No. 19, Modified Final Judgment, *Texas Commerce Bank, N.A. v. B.B.M.M., Ltd., a Texas Limited Partnership, et al.,* Cause No. 87–14551, in the 125th Judicial District Court of Harris County, Texas). Thus, the breach represented a willful neglect of duty.

 Debtor urges that the jury finding of compensatory damages is founded on either debtor's breach of fiduciary duty or a breach of the partnership agreement and, therefore, lacks the specificity required to support a conclusion that the award is dischargeable as a breach of contract or non-dischargeable as a breach of fiduciary duty. A plain reading of the jury findings reveals that the jury found both that debtor breached his fiduciary duty to plaintiffs and that he breached the partnership agreement. Further, the damage award clearly provides that each basis fully supports an award of the entire amount of compensatory damages. The Court concludes, therefore, that the jury findings are sufficiently specific and that the debt is non-dischargeable under 11 U.S.C. § 523(a)(4).

 Debtor urges that plaintiffs fail to meet the elements of 11 U.S.C. § 523(a)(6) because the jury finding in connection with exemplary damages was not based solely on debtor's intentional and malicious conduct but in the alternative on debtor's heedless and reckless conduct, which, debtor urges, is insufficient to meet the willful and malicious

standard of 11 U.S.C. § 523(a)(6). The Court finds that regardless of whether heedless and reckless conduct satisfies the elements of 11 U.S.C. § 523(a)(6), the exemplary damages were awarded because of debtor's breach of fiduciary duty and, therefore, are non-dischargeable under 11 U.S.C. § 523(a)(4), along with the compensatory damages which are non-dischargeable under that section. *See e.g. St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672 (11th Cir. 1993) (holding that regardless of dischargeability of exemplary damages under section 523(a)(6), punitive damages flowing from the same course of fraudulent conduct necessitating an award of compensatory damages are not dischargeable in bankruptcy under section 523(a)(2)(A)). Although the *St. Laurent* court limited its holding to the application of 11 U.S.C. § 523(a)(2)(A) to punitive damages, the reasoning applies equally as well to exemplary damages and 11 U.S.C. § 523(a)(4). Likewise, the attorneys fees awarded follow the non-dischargeable debt. *In re Christian,* 111 B.R. 118 (Bankr.W.D.Tex.1989).

The Court concludes that there is no material issue of fact and that summary judgment is **GRANTED** in favor of plaintiffs and against debtor that the debt is non-dischargeable under 11 U.S.C. § 523(a)(4). Debtor's cross-motion for summary judgment is **DENIED.**