Jack E. SCISCOE, Appellant,

v.

Steven LEISTNER, Susan Robison and Carl Smith, each individually and d/b/a Three Amigos, a partnership.

In re Jack E. SCISCOE, Debtor.

Steven LEISTNER, Susan Robison and Carl Smith, each individually and d/b/a Three Amigos, a partnership, Plaintiffs,

v.

Jack E. SCISCOE, Defendant.

No. IP92–734–C.
Bankruptcy No. 90–11354–RWV–7.
Adv. No. 91–558.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 23, 1993.

Jeffrey E. Ramsey, Hostetler & Kowalik, Indianapolis, IN, for plaintiffs.

Clarence Frank, Bloomington, IN, for defendant.

## ENTRY

BARKER, Chief Judge.

On May 20, 1992, the Bankruptcy Court entered the following conclusions of law in this matter:

A. This Court has jurisdiction over the case and parties.

B. Jack Sciscoe obtained money from, Carl, Steve and Susan through actual fraud and false pretenses; breached a fiduciary duty by failing to hold the funds "in trust" as promised; and converted the funds given him by exercising unauthorized control over them.

C. Steve, Carl and Susan are entitled to all damages directly and proximately caused by Jack Sciscoe's actions.

D. This debt, as determined is not dischargeable pursuant to 11 U.S.C. 523.

Bankruptcy Court's Findings and Conclusions, at 5. "Carl, Steve and Susan" are Steven Leistner, Susan Robison and Carl Smith respectively (collectively "Appellees").

Jack E. Sciscoe ("Appellant" or "Debtor") appeals the ruling of the Bankruptcy Court on five grounds:

1. The evidence does not support the Bankruptcy Court's conclusion that the Debtor received money through actual fraud and false pretenses or that he converted the funds he received by exerting unauthorized control over them;

2. The Bankruptcy Court erred in determining that an alleged obligation was nondischargeable pursuant to 11 U.S.C. § 523(a)(4) regarding fraud or defalcation while acting in a fiduciary capacity where there was no express or technical trust between the parties;

3. The Bankruptcy Court erred in determining that the Appellant committed fraudulent misrepresentation based on statements made by another corporate officer;

4. The punitive damages and attorney's fees of the state court default judgment are dischargeable whether or not the Bankruptcy Court's finding of fraud is upheld; and

5. The Bankruptcy Court erred in admitting hearsay testimony.

Appellant's Brief, at 13–23. The facts of this matter are set forth in the Bankruptcy Court's findings and will not be repeated here.

The standard which this Court must apply when reviewing decisions of the Bankruptcy Court are set forth in Rule 8013 of the Federal Rules of Bankruptcy Procedure. That rule provides:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.

██ The Appellant's first argument is that the evidence is insufficient to support the Bankruptcy Court's finding of actual fraud, false pretenses, and conversion pursuant to § 523(a)(2)(A). To prevail on a claim under that section, the Appellees had to prove the following five elements:

(1) the Debtor misrepresented material facts with respect to the loan program;

(2) the Debtor knew the representations were false;

(3) the Debtor intended to defraud the Appellees;

(4) the Appellees reasonably relied on the Debtor's misrepresentations; and

(5) the Appellees' losses were attributable to such reliance. See *McCullough v. Suter*, 59 B.R. 944, 946 n. 5 (Bkrtcy.N.D.Ill.1986), citing, *In Re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985).

The reasons which the Appellant presents for his objections to the Bankruptcy Court's findings are nothing more than an invitation to believe one witness rather than another. See Appellant's Brief, at 14–16. The Bankruptcy Judge chose not to believe the Appellant's version of events and this Court is in no position to second guess such credibility assessments. The same can be said of the Appellant's third argument, that the Bankruptcy Court erred in determining that the Appellant made fraudulent misrepresentations. See Appellant's Brief, at 20. He notes that "the court found, that Sciscoe committed fraud by failing to hold the Amigos' [*i.e.* Appellees] funds in trust. However, Sciscoe never promised to escrow the funds." *Id.* Again, it is readily apparent that the Bankruptcy Judge gave little weight to the Appellant's testimony. Rule 8013 is clear on this point: "due regard shall be given to the

opportunity of the bankruptcy court to judge the credibility of witnesses." The Appellant's first and third arguments are unpersuasive.

The Appellant's next contention is that the Bankruptcy Court erred in determining that the debt he owes to the Appellees is a nondischargeable fiduciary obligation pursuant to 11 U.S.C. § 523(a)(4). That section provides:

(a) a discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—. . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

Appellant argues that the fiduciary relationship referred to in that section is limited to "technical trusts" and that the relationship must exist prior to the alleged fraudulent conduct. The Bankruptcy Court concluded that the Appellant "breached a fiduciary duty by failing to hold the funds 'in trust' as promised". See Legal Conclusion B, *supra.* It also entered the following factual finding: "Jack Sciscoe promised that the funds delivered to him would be 'held in trust' and would be fully refunded if Steve, Carl and Susan did not receive the promised funding for their venture. Despite this, he did not return the money." See Factual Finding 22; see also Factual Finding 14. Evidently, this promise was never made in writing. See Tr. at 59.

██ The meaning of "fiduciary" is narrower in the bankruptcy context than in other settings. In *In Re Krause*, 114 B.R. 582 (Bkrtcy.N.D.Ind.1988), the court explained:

the term 'fiduciary' as used in 11 U.S.C. 523(a)(4) is limited to the class of fiduciaries including trustees of specific written declarations of trust, guardians, administrators, executors, or public officers and, absent special considerations, does not extend to the more general class of fiduciaries such as agents, bailees, brokers, factors, and partners.

*Id.* at 597–98. The Appellant was a registered loan arranger, see Tr. at 96–97, which is a position that seems more akin to an agent or broker than a trustee or guardian.

*See Krause,* supra. The trust relationship which the Bankruptcy Court found apparently was based only on the oral representations which the Appellant made to the Appellees, *supra.* Given this limitation, the Court is unable to find sufficient facts in the record to support the Bankruptcy Court's conclusion that the Appellant was acting in a "fiduciary capacity", as that term is used in 11 U.S.C. § 523(a)(4).

 Appellant's fourth argument is that punitive damages and attorney's fees are dischargeable regardless of the Bankruptcy Court's finding of fraud. The Appellees were awarded $77,943.04 in a state court default judgment, which included treble damages, attorneys fees, and other expenses. Section 523(a)(2)(A) states in pertinent part:

> (a) a discharge under section 727,.1141, or 1328(b) of this title does not discharge an individual debtor from any debt—. . . .

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

> (A) false pretenses, a false representation, or actual fraud, other than a state respecting the debtor's or an insider's financial condition; . . .

11 U.S.C. § 523(a)(2)(A). By its terms, Section 523(a)(2)(A) precludes the dischargeability of a debt only to the extent that the money was *obtained* by false pretenses, a false representation or actual fraud. *See Suter,* 59 B.R. at 946. The punitive damages and attorney's fees awarded in the state court action, in addition to the interest and fees that the Appellees owe to third parties which are reflected in that judgment, were not obtained by false pretenses, a false representation or actual fraud, and in no way alter the amount of money that the Debtor obtained from the Appellees by those means. *Id.* The damages, interest and fees may have been caused by the Debtor's fraudulent behavior, but no reasonable construction of statutory terms would equate "cause" with "obtain". To the extent that the Bankruptcy Court held the obligation of the Debtor for ·monies other than those which he obtained by false pretenses, a false representation or actual fraud are nondischargeable, its decision is reversed. Based on the Bankruptcy

Court's factual findings 14 and 18, the Court calculates that $24,962.68 of the debt at issue is not dischargeable. This sum represents the total amount of money which the Appellant obtained from the Appellees by false pretenses, a false representation or actual fraud.

 The Appellant's final argument is that the Bankruptcy Court admitted hearsay testimony when it allowed the Appellees to testify regarding alleged misrepresentations made to them by Michael Scott, the Appellant's partner. These statements were not offered to prove the truth of the matter asserted. They were offered to show that , the statements were made. Accordingly, they are not hearsay.

## CONCLUSION

The decision of the Bankruptcy Court is affirmed in part and reversed in part. The Court finds that $24,962.68 of the Appellant's debt is not dischargeable.

It is so ORDERED.