In re Erol ELIBUYUK,
Chapter 11 Debtor.

Frank CLARKSON, Plaintiff,

v.

Erol ELIBUYUK, Defendant.

Bankruptcy No. 93–40801–T.
Adv. No. 93–4039.

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

Dec. 28, 1993.

Mary Pettitt St. Jean, Hayes, VA, for plaintiff.

John W. Raymond, Norge, VA, for debtor/defendant.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial on the plaintiff's complaint to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) was held on November 9, 1993. At the conclusion of the trial the court announced findings of fact and conclusions of law and ruled in favor of the debtor.

This opinion supplements the court's bench ruling.

### Facts

The debtor, who operates a restaurant, filed a chapter 11 petition on April 12, 1993, and has since operated as debtor in possession.

In November 1992, debtor was experiencing problems in paying his restaurant bills. At that time he owned a condominium unit in Florida which was under contract to sell. This condo unit was subject to a mortgage held by the plaintiff, Frank Clarkson, securing a loan in the approximate amount of $32,000.00.

Debtor approached plaintiff for an additional unsecured loan pending the sale of his condo. Plaintiff loaned debtor the sum of $8,000.00 which was evidenced by a promissory note in the amount of $8,700.00 dated November 4, 1992. The note bore interest at two and one-half percent per month and was payable in 45 days.

Simultaneously with the making of the loan, debtor gave plaintiff a personal check for $8,700.00 drawn on Dominion Bank N.A. The check was post dated December 18, 1992, and was intended by plaintiff to be used to repay the loan when it became due.

Although debtor did not have sufficient funds in his checking account to cover the post dated check when the loan was made, he told plaintiff at the time that he would repay plaintiff from the proceeds of his condo sale.

On November 30, 1992, debtor closed his Dominion Bank checking account and moved his account to another bank. He told plaintiff that the account had been moved.

When debtor's note became due plaintiff deposited debtor's post dated check for collection at Dominion Bank. When the check was returned unpaid, he redeposited it two additional times before receiving notice from Dominion that debtor's account was closed.

Debtor's contract to sell the Florida condo fell through because the purchaser could not obtain financing. The property was later sold at a lesser price. Although plaintiff's mortgage loan was repaid upon sale of the condo, debtor has not repaid the note of November 4, 1992. Debtor is obligated to plaintiff under the note of November 4, 1992, for the face amount of the note plus accrued interest.

Debtor has made no false representations to plaintiff with respect to the loan or its repayment.

### Discussion And Conclusions

11 U.S.C. § 523(a)(2) provides an exception to discharge of a debt

for ... property ... to the extent obtained by—(A) false pretenses, a false representation, or actual fraud ...

There can be no question here that debtors obtained property from the plaintiffs. The other necessary elements to a determination of nondischargeability under § 523(a)(2)(A) are

(1) That the debtor made misrepresentations,

(2) That at the time the debtor knew the representations were false,

(3) That the debtor made the misrepresentations with the intention and purpose of deceiving the creditor,

(4) That the creditor relied on the representations, and

(5) That the creditor sustained loss and damage as the proximate result of the misrepresentations.

See Sweet v. Ritter Finance Co., 263 F.Supp. 540, 543 (W.D.Va.1967).

With respect to the issuance of a bad check, most courts hold that this is not in itself a sufficient act to establish that a resulting debt is excepted from discharge. The creditor must still establish that the debtor had the intention to deceive the creditor at the time the check was given. Seery v. Basham (In re Basham), 106 B.R. 453, 457 (Bankr.E.D.Va.1989).

In fact, since the giving of a bad check may amount to no more than a promise to repay, a bad check case can be inherently weak for fraud. In order to prevail, the creditor must establish that the debtor clearly made false representations at the time of the transaction indicating that the check is the equivalent of cash or that the debtor otherwise acted in a fraudulent or reckless manner. See In re Basham, 106 B.R. at 457. Unless these factors are present, the plaintiff has a difficult burden establishing the necessary fraud element that the debtor knowingly made false representations at the time the debt was incurred.

The evidence presented in the instant proceeding utterly fails to establish that debtor committed the requisite fraud at the inception of the transaction by delivering a check which he did not intend to pay. The most that can be said is that debtor made a promise to repay the debt when due, evidenced by his check. He was unable to pay as a result

of circumstances he apparently had not considered, and the evidence is that he kept the plaintiff advised of his situation throughout. Debtor may have been somewhat careless in his assumptions, but he was not fraudulent or even reckless.

A separate order will be entered dismissing the complaint and allowing discharge of the subject debt.