In re Preston L. GREEN, Debtor.

CRESTAR BANK, Plaintiff,

v.

Preston L. GREEN, Defendant.

Bankruptcy No. 93–41503–T.
Adv. No. 93–4058.

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

Sept. 26, 1994.

Robyn H. Hansen, Newport News, VA, for Crestar Bank.

Richard G. Poinsett, Hampton, VA, for Preston L. Green.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial was held on August 9, 1994, on plaintiff's complaint to except a debt from

discharge pursuant to 11 U.S.C. § 523(a)(2)(A). At the conclusion of the trial, the court granted leave for plaintiff to amend the complaint[1] to include a claim under 11 U.S.C. § 523(a)(6). The court took the matter under advisement. For the reasons stated in this memorandum opinion, the debt will be excepted from discharge pursuant to § 523(a)(6).

## Findings of Fact

On July 19, 1993, Debtor Preston Lane Green filed a voluntary chapter 7 petition. On October 13, 1993, Crestar Bank, a creditor by assignment, filed a complaint to determine the dischargeability of its debt.

Debtor borrowed and received $35,000.00 from W. Preston Greene, debtor's cousin, in March 1986. The loan was evidenced by a note dated March 3, 1986, and secured by a duly recorded deed of trust against real property owned by debtor in Newport News, Virginia.

In December 1988 debtor had a contract to sell the subject real property to Paul C. Campbell. On or about December 13, 1988, debtor and Campbell went before a notary public so that debtor could properly execute necessary settlement documents to complete the sale of the realty. The settlement documents included a deed of the subject property from debtor to Campbell and a form "Certificate of Satisfaction and Lost Note Affidavit." The purpose of a certificate of satisfaction under Virginia law is to release a deed of trust from realty in the land records. *See* Va.Code Ann. § 55–66.3 (Michie Supp.1994). For recordation, the certificate requires the notarized signature of the note holder or the note holder's authorized delegate.

The deed and the certificate of satisfaction form had been prepared in advance by debtor or at his direction. The blanks in the certificate form had been filled in by typewriter to describe the deed of trust to be released and reflected that "Lane Green" was the grantor and "Preston Greene" was the trustee and holder of the note secured by the deed of trust. The body of the certificate stated as follows:

I, Preston Green, the holder of the above described obligation secured by the above-mentioned deed of trust, do hereby certify that the same has been paid in full. The undersigned makes oath that the undersigned was the creditor under said Deed of Trust; that the debt secured thereby has been paid in full; that the creditor was when the debt was satisfied, entitled and authorized to receive the same; that the note or other evidence of the debt secured by lien of such Deed of Trust has been lost or destroyed and cannot be produced. The undersigned has subscribed his name in further testimony of the payment of said debt, and the lien therein created and retained is hereby released.

In addition to the above, the words "paid in full" were handwritten on the face of the certificate. The typed name in the signature block to the note holder was "Preston Greene."

Debtor customarily referred to himself and signed documents as "Lane Green." At settlement before the notary public, debtor first executed the deed in his usual form of "Lane Green." He then signed the name "Preston Green" to the certificate of satisfaction over the note holder's block. When the notary public, who knew debtor as "Lane Green," asked debtor why he signed the certificate "Preston Green," debtor stated that his full name was "Preston Lane Green." Debtor also showed the notary public his driver's license.

These instruments were subsequently recorded in the appropriate land records; accordingly, title to the realty was conveyed to Campbell, and W. Preston Greene's deed of trust was released. In substance, debtor forged W. Preston Greene's signature to the certificate, and he released Greene's deed of trust without authority.

---

1. A court should freely grant leave to amend a complaint if: (1) the amendment would not unduly delay the trial on the merits; (2) the motion was made in good faith; (3) the amendment would not result in undue prejudice; and (4) the amendment only adds new legal theory based on the same set of facts. *See American Honda Fin. Corp. v. Tester (In re Tester)*, 56 B.R. 208, 209 (W.D.Va.1985).

Prior to the contract for the sale of the property, W. Preston Greene had called debtor on numerous occasions to inquire about the negotiations and to express his concern about receiving payment on the note. When debtor signed the deed and certificate of satisfaction, he knew that he was transferring title of the property, and releasing W. Preston Greene's security for the note without paying Greene the balance due.

The debtor has made no payments on the note since his last payment on April 1, 1988. The balance due and owing excluding attorneys' fees as of August 9, 1994 on the note is:

|  |  |
|---|---|
| Principal | $33,587.85 |
| Interest | $25,607.41 |
| Late Charges | $ 1,520.00 |
| Total | $60,715.26 |

Crestar is the assignee of all the rights, title, and interest of W. Preston Greene in the note.

The value of the real property securing the note was not less than $100,000.00. Therefore, the note holder's damage by virtue of debtor's selling the property and releasing the deed of trust was not less than the balance due on the note, $60,715.26.

*Discussion and Conclusions of Law*

Crestar alleged in its amended complaint that this debt should be excepted from discharge pursuant to § 523(a)(2)(A) and (a)(6). A debt which is otherwise dischargeable under 11 U.S.C. § 727 is nondischargeable if it was obtained by a false representation or if it involved a "willful and malicious" injury to another person's property. *See* 11 U.S.C. § 523(a)(2)(A), (a)(6). Although the debt was not obtained in violation of § 523(a)(2)(A), I find that the debt is excepted from discharge pursuant to § 523(a)(6).

**2.** The bankruptcy code provides in pertinent part:

> Exceptions to discharge
> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.
> 11 U.S.C. § 523(a)(2)(A).

## FALSE REPRESENTATION

■ To establish that a debt is nondischargeable under § 523(a)(2),[2] a creditor must prove that: (1) the debtor made representations; (2) at the time of making the representations, the debtor knew they were false; (3) the debtor made them with the intention of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained the alleged loss as a result of the representations made by the debtor. *Clarkson v. Elibuyuk (In re Elibuyuk)*, 163 B.R. 75, 76 (Bankr.E.D.Va.1993).

■ In this case, although there is evidence to establish that debtor falsely represented that the note was paid in full, that he knew that the debt was not paid, and that the creditor sustained damage as a result of this representation, I find no evidence that debtor made any misrepresentation to either W. Preston Greene or his assignee Crestar. The false representation was made to the notary public and to the purchaser of the realty.

In addition, I find that neither creditor relied on the false representation. There is no evidence demonstrating that W. Preston Greene or Crestar even knew of debtor's misrepresentation. W. Preston Greene knew that the note had never been paid in full regardless of what debtor represented to third parties.[3] The false representation made to the notary public and the purchaser does not amount to fraud under § 523(a)(2)(A), and this count of the complaint must be dismissed.

## WILLFUL AND MALICIOUS INJURY TO PROPERTY

■ A debt is not dischargeable in bankruptcy if it involves a "willful and malicious" injury to another person's property.[4]

**3.** The court recognizes that the subsequent conduct of third parties could adversely affect W. Preston Greene's property interests.

**4.** The bankruptcy code provides, in pertinent part:

> Exceptions to discharge
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
> 11 U.S.C. § 523(a)(6).

An act is willful if it is "a deliberate or intentional act which necessarily leads to injury." *Rountrey v. Lee (In re Lee)* 90 B.R. 202, 207 (Bankr.E.D.Va.1988). An act is malicious under § 523(a)(6) if it is done deliberately and intentionally. *St. Paul Fire & Marine Ins. Co. v. Vaughn,* 779 F.2d 1003, 1009–10 (4th Cir.1985). Furthermore, malice can be inferred from the surrounding circumstances. *St. Paul Fire & Marine,* 779 F.2d at 1010.

The focus for dischargeability purposes under § 523(a)(6) is on the debtor's intent when he took the action. *Traditional Indus., Inc. v. Ketaner (In re Ketaner),* 149 B.R. 395, 400 (Bankr.E.D.Va.1992), *appeal dismissed,* 154 B.R. 467 (E.D.Va.1993). A deliberate and intentional act done with disregard for another's property rights "constitutes willful and malicious injury to another's property." *Bodie v. Britt (In re Britt),* 156 B.R. 511, 519 (Bankr.E.D.Va.1993).

Debtor conceded that he voluntarily and intentionally signed the certificate releasing the deed of trust. Furthermore, during cross-examination he admitted that at the time he signed the certificate, he knew the document represented that the note was "paid in full." Debtor also stated that he knew he was transferring title of the property to Paul Campbell even though the property was W. Preston Greene's security for the repayment of the note—a note which had not been paid.

In addition, the surrounding circumstances described in the court's findings of fact establish that debtor acted intentionally and with malice. Debtor effectively forged W. Preston Greene's signature and released Greene's deed of trust.

Debtor's intentional act of forging and recording the certificate of satisfaction constituted willful and malicious injury to Greene's property rights. Therefore, Crestar, as assignee, is entitled to the damages caused by debtor's wrong. *See Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.,* 743 F.2d 932, 942 (D.C.Cir.1984). Plaintiff's damage here is the value of the secured property wrongfully disposed of; since this value exceeded the amount due on the note, the balance of the note represents the damages due to the note holder. Accordingly, the debt of Preston Lane Green, debtor, to W. Preston Greene and his assignee, Crestar, is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

A separate order will be entered excepting Crestar's debt from discharge.