In re John T. HENICHECK, Jr., Debtor.

CATERCORP, INC., Plaintiff,

v.

John T. HENICHECK, Jr., Defendant.

Bankruptcy No. 94–33091–T.
Adv. No. 94–3144.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 23, 1995.

C. Thomas Ebel, Robert J. Burr, Richmond, VA, for CaterCorp, Inc.

Stephen A. Chaplin, Richmond, VA, for debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held April 26, 1995, on cross motions for summary judgment on plaintiff's complaint to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). The court took the matter under advisement. For the reasons stated in this memorandum opinion, the debt of $46,-688.65 will be excepted from discharge pursuant to § 523(a)(2)(A). The count of the complaint seeking to except the debt from discharge pursuant to § 523(a)(6) will be dismissed.

### Findings of Fact

Debtor John T. Henicheck, Jr., executed a settlement agreement with CaterCorp, Inc., upon termination of his employment with the company. The settlement agreement contained a non-competition covenant.

Subsequent to his termination, Henicheck breached the settlement agreement by competing with CaterCorp.

Henicheck sued CaterCorp in the Circuit Court for the County of Hanover, Virginia, for the release of funds placed in escrow pursuant to the settlement agreement. CaterCorp counterclaimed against Henicheck and two of his associates on numerous grounds, including intentional misrepresentation, intentional breach of contract, and conspiracy to tortiously interfere with CaterCorp's business relationships. A jury trial ensued.

On June 4, 1994, the jury rendered a verdict in favor of CaterCorp on the allegations of intentional breach of the settlement agreement and intentional misrepresentation. The jury awarded CaterCorp $10,000.00 and the funds in escrow in actual damages and

$36,688.65 for attorneys' fees. The jury found for Henicheck and the other defendants on all other counts.[1]

The judgment was awarded by the circuit court in a final decree and order entered on August 30, 1994. The final order expressly held that debtor breached the settlement agreement and made intentional misrepresentations to CaterCorp.

That same day, after entry of the circuit court order, Henicheck filed a chapter 7 bankruptcy petition.

CaterCorp filed a complaint to except its judgment debt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). CaterCorp moved for summary judgment pursuant to § 532(a)(2)(A) and (a)(6), alleging that debtor is collaterally estopped from disputing that he intentionally breached the settlement agreement and that he made false representations to CaterCorp based on the state court's jury verdict.

Debtor filed a cross motion for summary judgment claiming that CaterCorp is collaterally estopped from claiming that the debt is excepted from discharge because all the issues in this dischargeability action were before the jury and the jury merely determined that debtor breached a contract and misrepresented facts, resulting in a debt which is not excepted from discharge.

### Discussion and Conclusions of Law

A motion for summary judgment shall be granted when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hinkleman v. Shell Oil Co.*, 962 F.2d 372, 375 (4th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992). In considering a motion for summary judgment, the court should draw all inferences from the underlying facts in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct.

1348, 89 L.Ed.2d 538 (1986). The moving party bears the burden of establishing the absence of any material facts. Once the movant has met this burden, the party opposing the motion must demonstrate that there are genuine disputes of material facts. Mere conclusory statements or conjecture will not suffice. Rather, the party opposing the motion must present sufficient probative evidence to refute the motion for summary judgment. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552 (1985). If the non-moving party fails to meet this burden, summary judgment should be granted. *Id.*

Both parties claim that the matter is ripe for summary judgment based on the doctrine of collateral estoppel, alleging that the issues were previously litigated in state court.

■ Collateral estoppel, or issue preclusion, applies when a second action between the same parties is based upon the same facts but a different cause of action. *See* 50 C.J.S. *Judgments* § 706, pp. 163–64 n. 92 (1947). Under collateral estoppel, the prior judgment "precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); *see also Combs v. Richardson*, 838 F.2d 112, 112 (4th Cir.1988).

■ The requirements of collateral estoppel are:

(1) the parties to the prior and subsequent proceedings, or their privies, must be the same,

(2) the factual issue sought to be litigated actually must have been litigated in the prior action,

(3) the factual issue must have been essential to the judgment in the prior proceeding, and

(4) the prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied.

---

1. The facts relating to the state court litigation articulated in the opinion's discussion section are incorporated as additional findings of fact.

*See Angstadt v. Atlantic Mut. Ins. Co.*, 249 Va. 444, 457 S.E.2d 86, 87 (1995).[2]

In this adversary proceeding the parties are the same parties from the state court action. The facts upon which CaterCorp predicates its nondischargeability claims are inextricably intertwined with the facts alleged, argued, and found in the state court litigation. It is undisputed that the issues were actually litigated in the state court action, that the issues were determined by a valid and final judgment, and that the determination was essential to the state court judgment. The question is what issues have been litigated; did the claims in the state court litigation involve the same issues as are presented in this dischargeability proceeding under § 523(a)(2)(A) and (a)(6)?

 The complaint, answer, amended counterclaim to the complaint, jury instructions, and special jury verdict form define the issues litigated in state court. *See Fallas v. Schwager (In re Schwager)*, 178 B.R. 106, 110 (Bankr.S.D.Tex.1995); *Williams v. Zachary (In re Zachary)*, 147 B.R. 881, 884 (Bankr.N.D.Tex.1992). If these documents "are sufficiently detailed . . . [,]" the court can determine whether issue preclusion applies. *In re Schwager*, 178 B.R. at 110. Accordingly, the court must examine these documents and determine whether the state court findings involved the identical issues presented in this dischargeability proceeding under § 523(a)(2)(A) and (a)(6).

## FALSE REPRESENTATION PURSUANT TO § 523(a)(2)(A)

 To establish that a debt is nondischargeable under § 523(a)(2),[3] a creditor must prove that: (1) the debtor made representations; (2) at the time of making the representations, the debtor knew they were false; (3) the debtor made them with the intention of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained the alleged loss as a result of the representations made by the debtor. *Clarkson v. Elibuyuk (In re Elibuyuk)*, 163 B.R. 75, 76 (Bankr.E.D.Va.1993). In addition, "a misrepresentation of intention can constitute fraud, although mere inability or failure to perform is not, in itself, sufficient evidence of fraudulent intent." *In re Zachary*, 147 B.R. at 883.

 Count II of the amended counterclaim in state court involved the allegation of misrepresentation. The counterclaim reads, in pertinent part:

21. To induce CaterCorp to consummate the Settlement Agreement, provide Henicheck with the consideration provided for therein and make payment to Henicheck of the amount required therein, *Henicheck represented* to CaterCorp that he would (among other things) perform the undertakings described in paragraph number 7 above (together, the "Representations").

22. *Henicheck knew, or should have known, that the Representations were false* when made and that CaterCorp would justifiably rely upon the Representations to its detriment.

23. *CaterCorp did, in fact, rely* upon the Representations to its detriment, and such reliance was justifiable.

24. As the *direct, proximate and foreseeable result* of the Representations, which constitute *misrepresentations* on the part of Henicheck, CaterCorp has been severely *injured and damaged* in at least the amount equal to the sum of $30,000.00 (the amount of all monetary payments due from CaterCorp to Henicheck under the Settlement Agreement) and the value of the

---

**2.** Pursuant to 28 U.S.C. § 1738 the court must apply the forum state's law of collateral estoppel. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982).

**3.** The bankruptcy code provides in pertinent part:
Exceptions to discharge
(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.
11 U.S.C. § 523(a)(2)(A).

other consideration referred to in the Settlement Agreement, and is entitled to that amount and such other compensatory and such exemplary damages as the Court and/or the trier of fact may determine to be appropriate.

(emphasis added). The pertinent jury instructions read:

### INSTRUCTION NO. 11

You shall find your verdict for the plaintiff CaterCorp and against John T. Henicheck if the plaintiff has proved by the greater weight of the evidence[4] that:

(1) John T. Henicheck was guilty of the conduct complained of; and that

(2) John T. Henicheck's wrongful conduct was a proximate cause of the plaintiff's damages.

### INSTRUCTION NO. 21

Actual *fraud* is the *intentional misrepresentation* of an existing *material fact* with the *intent to mislead* another person, which that *person relied* upon with the result that he was *damaged by it.*

### INSTRUCTION NO. 21[5]

A *misrepresentation* is any words or conduct which produce a *false or misleading impression* of fact in the mind of another. The misrepresentation must be made concerning an *actually existing or past fact.* A promise, an expression of interest, or an expectation or opinion concerning the future is not a misrepresentation.

A misrepresentation may result from silence or from the suppression of facts as well as from an affirmative representation.

### INSTRUCTION NO. 22

A *material fact* is one which *influences a person to act* or not to act.

### INSTRUCTION NO. 23

*Reliance* is a *belief that a representation is true* which causes a *person to take action he would not otherwise* have taken.

### INSTRUCTION NO. 27

You shall return your verdict for the plaintiff CaterCorp if it proved by clear and convincing evidence that the defendant John T. Henicheck intentionally misrepresented a material fact with the intent to mislead the plaintiff, and that the plaintiff relied on the misrepresentation with the result that it was damaged.

You shall return your verdict for the defendant if the plaintiff failed to prove any one [or] more of these elements.

(emphasis added).

Upon conclusion of the trial, the jury returned a verdict for CaterCorp on the charge of breach of contract and intentional misrepresentation. The pertinent inquiries on the special jury verdict form are:

#### Breach of Contract

1. We find that John T. Henicheck did _____/did not _____ (check (✓) only one) breach his Employment Agreement with CaterCorp Inc.

2. We find that John T. Henicheck did _____/did not _____ (check (✓) only one) breach his Settlement Agreement with CaterCorp Inc.

#### Misrepresentation

3. We find that John T. Henicheck made _____/did not make _____ (check (✓) only one) intentional misrepresentations to CaterCorp Inc.

In examining the complaint, jury instructions, and jury verdict, it is evident that the jury found that: (1) debtor made representations; (2) at the time of making the representations, debtor knew they were false; (3) debtor made them with the intention of de-

---

4. The standard of proof in dischargeability actions pursuant to § 523 is the "ordinary preponderance-of-the-evidence standard." *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

5. For unknown reasons the trial court assigned the same number to jury instruction for actual fraud and the jury instruction for misrepresentation.

ceiving CaterCorp; (4) CaterCorp relied on such representations; and (5) CaterCorp sustained the alleged loss as a result of the representations made by debtor.

Because these are the identical issues before the court on the dischargeability complaint pursuant to § 523(a)(2)(A), the court is precluded from relitigating the matter. *See Rountrey v. Lee (In re Lee)*, 90 B.R. 202, 205 (Bankr.E.D.Va.1988). Debtor's false representation made to CaterCorp amounts to intentional misrepresentation under § 523(a)(2)(A), and the debt associated with this count of the complaint is excepted from discharge.

■ Debtor argues that there is no debt in the state court judgment associated with the intentional misrepresentation and claims that damages were awarded for the breach of the settlement agreement. In the alternative, debtor argues that the jury verdict is unclear as to damages.

These arguments fail to consider that the jury found that debtor made intentional misrepresentations to CaterCorp to induce the company into the settlement agreement. Accordingly, the damages incurred by the intentional misrepresentation are the same damages caused by the breach of the settlement agreement, and there is no genuine issue of material facts as to the damages associated with the intentional misrepresentation.

## WILLFUL AND MALICIOUS INJURY TO PROPERTY

■ CaterCorp also alleges that debtor's breach of the settlement agreement/non-competition covenant constituted willful and malicious injury to property which is excepted from discharge pursuant to § 523(a)(6).[6] A deliberate and intentional act done with disregard for another's property rights "constitutes willful and malicious injury to another's property." *Bodie v. Britt (In re Britt)*, 156 B.R. 511, 519 (Bankr.E.D.Va.1993). An act is willful if it is "a deliberate or intentional act which necessarily leads to injury." *In re Lee*, 90 B.R. at 207. An act is malicious under § 523(a)(6) if it is done deliberately and intentionally. *St. Paul Fire & Marine, Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009–10 (4th Cir.1985). Furthermore, malice can be inferred from the surrounding circumstances. *St. Paul Fire & Marine*, 779 F.2d at 1010.

■ A breach of a covenant not to compete is not a per se violation of § 523(a)(6). *See generally Traditional Indus. Inc. v. Ketaner (In re Ketaner)*, 149 B.R. 395, 400 (Bankr.E.D.Va.1992), *appeal dismissed*, 154 B.R. 467 (E.D.Va.1993). In fact, "an intentional breach of contract without more, is not sufficient to establish a willful and malicious injury for the purposes of § 523(a)(6)." *Dorr & Assocs. v. Pasek (In re Pasek)*, 129 B.R. 247, 252 (Bankr.D.Wyo. 1991). The focus for dischargeability purposes under § 523(a)(6) is on the debtor's intent when he took the action. *In re Ketaner*, 149 B.R. at 400.

The jury in the state court action found that debtor did not act with malice. The special jury verdict reads, in pertinent part:

29. In addition, we award punitive damage in the amount of $_____ against John T. Henicheck ... to the plaintiff CaterCorp Inc. for the *malicious* and wanton disregard of the plaintiff's rights in this matter.

(emphasis added). In examining the complaint, jury instructions, and jury verdict, it is evident that the jury found that, although debtor intentionally misrepresented facts and breached the settlement agreement, debtor did not act with malice. Accordingly, this court is collaterally estopped from finding that debtor acted maliciously in breaching the settlement agreement. Because debtor's breach of the settlement agreement was not malicious under § 523(a)(6), this count of the complaint is dismissed.

---

**6.** The bankruptcy code provides, in pertinent part:

Exceptions to discharge
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

## PREPETITION ATTORNEYS' FEES

■ Debtor argues that the state court's award of attorneys' fees is discharged. The issue of whether attorneys' fees awarded in a state court judgment are dischargeable if the underlying debt is held nondischargeable under § 523(a)(2)(A) appears to be one of first impression in this district. Other courts are split as to whether attorneys' fees may be included as part of the nondischargeable debt. *Compare Dodson v. Church (In re Church)*, 69 B.R. 425, 436 (Bankr.N.D.Tex. 1987) (holding attorneys' fees excepted from discharge under § 523(a)(2)(A) as part of nondischargeable debt in state court judgment) *with Sciscoe v. Leistner*, 164 B.R. 86, 89 (S.D.Ind.1993) (holding attorneys' fees are discharged under § 523(a)(2)(A)).

The dilemma rests in the actual language of the code. Pursuant to § 523(a)(2), a debt is excepted from discharge only "to the *extent obtained by ...*" the intentional misrepresentation. *See* 11 U.S.C. § 523(a)(2) (emphasis added). Thus, the issue is whether attorneys' fees were *obtained* by debtor's misrepresentation.

This court previously held that "this language limits the scope of nondischargeability to the *actual pecuniary loss*" because § 523(a)(2) is designed for the creditor to recover what it actually lost.[7] *Havenstein v. Freeman (In re Freeman)*, 142 B.R. 758, 761–62 (Bankr.E.D.Va.1991) (emphasis added).

■ In this instance, CaterCorp had to incur additional attorneys' fees in state court because of debtor's conduct; thus, the attor-

neys' fees are an actual pecuniary loss.[8] *See generally McCullough v. Suter (In re Suter)*, 59 B.R. 944, 947 (Bankr.N.D.Ill.1986) (holding that creditor will be made whole if he collects actual damages plus interest and *attorneys' fees* under § 523(a)(2)(A) (emphasis added)). The attorneys' fees became part of the judgment in state court. *See Luce v. First Equip. Leasing Corp. (In re Luce)*, 960 F.2d 1277, 1285 (5th Cir.1992); *Dodson v. Church (In re Church)*, 69 B.R. 425, 436 (Bankr.N.D.Tex.1987) (holding attorneys' fees excepted from discharge under § 523(a)(2)(A) as part of nondischargeable debt in state court judgment). Therefore, this court should not and will not collaterally attack the state court's determination that the attorneys' fees were part of CaterCorp's actual damages. *See Klingman v. Levinson (In re Levinson)*, 58 B.R. 831, 837–38 n. 7 (Bankr.N.D.Ill.1986), *aff'd*, 831 F.2d 1292 (7th Cir.1987).

■ This result is further supported by the proposition that "attorney's fees awarded as part of a state court judgment based on state statute or contract are nondischargeable where the bankruptcy court finds that the underlying debt is itself nondischargeable."[9] *Love v. Smith (In re Smith)*, 98 B.R. 423, 427 (Bankr.C.D.Ill.1989) (holding attorneys' fees excepted from discharge under § 523(a)(2)(A)); *see also Tiffany Promotions v. Forman (In re Forman)*, 181 B.R. 22, 27 (Bankr.E.D.N.Y.1995). In essence, under these holdings, if claims against debtor are nondischargeable for fraud or misrepresentation, attorneys' fees are also nondis-

---

7. Based on this limitation, I declared that punitive damages were not excepted from discharge pursuant to § 523(a)(2). However, I found it unnecessary under the facts of the case to decide the attorneys' fee question. *See Havenstein v. Freeman (In re Freeman)*, 142 B.R. 758, 762 (Bankr.E.D.Va.1992). I found that "even where a state court fraud judgment is afforded collateral estoppel effect, bankruptcy courts typically limit the § 523(a)(2)(a) exception from discharge to compensatory damages and declare state court punitive damage awards dischargeable." *In re Freeman*, 142 B.R. at 762; *see also Larson v. Norris (In re Larson)*, 79 B.R. 462 (Bankr. W.D.Mo.1987); *Dodson v. Church (In re Church)*, 69 B.R. 425 (Bankr.N.D.Tex.1987); *McCullough*

*v. Suter (In re Suter)*, 59 B.R. 944 (Bankr.N.D.Ill. 1986).

8. This court is unpersuaded by the argument that although attorneys' fees may have been caused by debtor's behavior, no reasonable construction of statutory terms would equate "cause" with "obtained." *See Sciscoe v. Leistner*, 164 B.R. 86, 89 (S.D.Ind.1993).

9. There is also a substantial amount of authority for the proposition that attorneys' fees are excepted from discharge pursuant to § 523(a)(2) where the contract or underlying instrument provides for attorneys' fees. *See Luce v. First Equip. Leasing Corp. (In re Luce)*, 960 F.2d 1277, 1285 (5th Cir.1992); *TranSouth Financial Corp. v. Johnson*, 931 F.2d 1505, 1508 (11th Cir.1991).

chargeable under § 523(a)(2)(A).[10] *See Texas Venture Partners v. Christian (In re Christian)*, 111 B.R. 118, 122 (Bankr. W.D.Tex.1989); *Prudential–Bache Sec. v. Rechichi (In re Rechichi)*, 105 B.R. 726, 729 (Bankr.S.D.Fla.1989); *Lawter Int'l Inc. v. Pryor*, 93 B.R. 517 (Bankr.S.D.Tex.1988).

## POSTPETITION ATTORNEYS' FEES

CaterCorp also moves this court for an award of the attorneys' fees associated with this dischargeability action. The court finds that these attorneys' fees are unwarranted, *see In re Luce*, 960 F.2d at 1286, and the request is denied.

A separate order will be entered.

10. For an extensive discussion of the alternative theories upon which attorneys' fees are excepted from discharge, see *Freer v. Weinstein (In re Weinstein)*, 173 B.R. 258, 270–74 (Bankr. E.D.N.Y.1994).