**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1767**

U. S. BANK NATIONAL ASSOCIATION, Trustee, successor to
Wells Fargo Bank, N. A., As Trustee for the registered
holders of CD2007-CD4 Commercial Mortgage Trust, Commercial
Mortgage Pass-Through Certificates, Series CD 2007-CD4,

            Plaintiff - Appellee,

      v.

HOSSEIN K. ZARRABI; MANSOUR K. YAZDANI,

            Defendants - Appellants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:12-cv-01376-TSE-TRJ)

Submitted:  February 27, 2014      Decided:  March 10, 2014

Before KING and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

James P. Campbell, CAMPBELL FLANNERY, PC, Leesburg, Virginia,
for Appellants.   Matthew  G.  Summers,  BALLARD  SPAHR  LLP,
Wilmington, Delaware; Michelle M. McGeogh, BALLARD SPAHR LLP,
Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hossein K. Zarrabi and Mansour K. Yazdani (the "Guarantors") appeal the district court's order granting U.S. Bank's motion for summary judgment in a proceeding seeking full payment from the Guarantors of a loan. On appeal, the Guarantors contend that the district court erred by not invoking the doctrines of collateral estoppel and judicial estoppel to bar U.S. Bank's deficiency claim against them. The Guarantors further argue that the district court erroneously held that the certificate of satisfaction did not release the Guarantors as a matter of law. Finally, the Guarantors argue that the district court erred in holding that Illinois law did not preclude U.S. Bank's action against the Guarantors. We affirm.

We review the district court's determination regarding collateral estoppel de novo. See United States v. Fiel, 35 F.3d 997, 1005 (4th Cir. 1994). "Collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom issue preclusion is asserted had a full and fair opportunity to litigate." Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998) (brackets and internal quotation marks omitted). To apply collateral estoppel, a party must show that

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004). With these standards in mind, we have reviewed the parties' briefs and the record and find no reversible error on this issue.

"Judicial estoppel is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court." Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007). Federal law controls the application of this principle, because "it relates to protection of the integrity of the federal judicial process." Allen v. Zurich Ins. Co., 667 F.2d 1162, 1168 n.4 (4th Cir. 1982). We review a district court's decision whether to apply judicial estoppel for abuse of discretion. King v. Herbert J. Thomas Mem'l Hosp., 159 F.3d 192, 198 (4th Cir. 1998).

"Three elements must be satisfied before judicial estoppel will be applied." Zinkand, 478 F.3d at 638. First, the party to be estopped must be advocating a position inconsistent with one taken in prior litigation. Id. "Second, the prior inconsistent position must have been accepted by the

3

court." Id. Finally, the party against whom judicial estoppel is asserted must have intentionally misled the court in order to gain unfair advantage. Id. Applying these standards, we again have reviewed the parties' briefs and the record and find no reversible error.

Under Virginia law, a certificate of satisfaction operates "as a release of the encumbrance as to which such payment or satisfaction is entered and, if the encumbrance be by deed of trust, as a reconveyance of the legal title as fully and effectually as if such certificate of satisfaction were a formal deed of release duly executed and recorded." Va. Code Ann. § 55-66.3(C) (2007). "The purpose of a certificate of satisfaction under Virginia law is to release a deed of trust from realty in the land records." In re Green, 175 B.R. 609, 611 (Bankr. E.D. Va. 1994). Paragraph 2.7 of the guaranties specifically provides that the release of any property connected to the debt is not a release of the Guarantors' obligations under the guaranty contracts. Accordingly, we affirm the district court's conclusion that the certificate of satisfaction does not extinguish the Guarantors' liability.

The guaranties contain a choice of law provision requiring that they be interpreted under Illinois law. In that state, a guaranty is a contract subject to the usual rules of contract interpretation. See McHenry Sav. Bank v. Autoworks of

4

Wauconda, Inc., 924 N.E.2d 1197, 1205 (Ill. App. Ct. 2010). Contracts should be interpreted to give effect to the parties' intent in entering the contract. Id. Under Illinois law, a guaranty may expressly provide for the guarantor's continuing liability even after the release of the primary obligor. See 815 Ill. Comp. Stat. 115/6 (West 2013). Article Two of the guaranties at issue contains such a provision, noting that the Guarantor's obligations would not be released, diminished, or otherwise adversely affected by any modifications, adjustments, compromises, or releases between the Borrower and the Lender. Moreover, the guaranties state that "it is the unambiguous and unequivocal intention of Guarantor that Guarantor shall be obligated to pay the Guaranteed Obligations . . . which [] shall be deemed satisfied only upon the full and final payment and satisfaction of the Guaranteed Obligations." Moreover, the Stipulated Order of September 15, 2011, specifically reserved U.S. Bank's right to pursue its claims against other parties, which would include the Guarantors. Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED